**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | | |
|---|---|---|
| ALFRED WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 3:26-CV-267-PPS-JEM |
| FOREST RIVER, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION AND ORDER

Alfred Wright bought a 2024 Timberwolf 200G recreational vehicle to take his family camping. He claims the RV had numerous defects from the time it was delivered. Wright filed this lawsuit against the RV's final-stage manufacturer (Forest River, Inc.) and the retail dealership that sold him the vehicle (Camping World RV Sales, LLC).

Wright is proceeding pro se. His complaint asserts four claims: breach of the manufacturer's written warranty under the Magnuson-Moss Warranty Act (Count I), breach of the implied warranty of merchantability (Count II), violation of an unidentified consumer protection act, (Count III), and revocation of acceptance and rescission (Count IV). Defendant Forest River moves to dismiss Counts III and IV for failure to state a claim.

Forest River argues Count III fails because Wright did not identify a specific state consumer protection statute. The complaint's text makes that clear. It contains an

unfilled placeholder: "Count III – Violation of [Your State] Consumer Protection Act." [DE 1 at 3.] For Count IV, Forest River argues that revocation of acceptance and rescission are remedies, not standalone causes of action, and that in any event those remedies are unavailable against Forest River as a remote manufacturer that never sold the vehicle to Wright.

For the reasons that follow, both counts are dismissed without prejudice. Wright may amend his complaint to identify a specific state consumer protection statute and plead supporting facts. If Wright chooses to amend his complaint, he can plead revocation of acceptance and rescission as relief sought in connection with his other claims, but he cannot pursue them as independent causes of action without citing an authority establishing them as such.

### Background

According to the complaint, which I accept as true for present purposes, Wright purchased the RV from Camping World RV Sales, LLC, doing business as Hitch RV.[1] [DE 1 at ¶6.] Camping World is an authorized Forest River dealer and operates RV dealerships nationwide. [DE 1 at ¶6.] Wright bought the RV in question on August 2, 2024 paying $57,461.63 for the vehicle; he also paid $5,900 for an extended service plan and $1,000 for delivery, set up, and a demo by Camping World. [*Id.* at ¶¶ 8-10.]

Forest River provided a limited warranty for the vehicle. [DE 8 at 2-3.] The Limited Warranty explicitly states, "[t]his RV has been sold to an independent

---

[1] Wright refers to Defendant Camping World RV Sales, LLC as "Camping World" and "Hitch RV" interchangeably throughout his complaint. For consistency, I refer to it as "Camping World" in this opinion.

authorized dealer of Forest River" and that the dealer "is NOT an agent of Forest River." [DE 8-1 at 1.]  The duration of the Limited Warranty is "one (1) year from the date of purchase of the RV by the first retail purchaser when purchased from an independently owned and authorized Forest River dealer." [*Id.*]  The Limited Warranty covers the RV against "substantial defects in material and workmanship attributable to Forest River's manufacture and assembly of the RV." [*Id.*] Substantial defects include those that "prevent the RV from performing its intended use for short term recreational camping." [*Id.*]."

Wright alleges that Camping World represented the RV as defect-free and undertook obligations to perform repairs under the warranty as a Forest River authorized dealer. [DE 1 at ¶10.] One day after delivery, Wright discovered a host of problems with his new RV.  He describes defects such as burning electrical wires, missing shower doorknobs, a broken sliding door and screen, broken windows and locks, and crushed venting in the walls rendering the heating and cooling system inoperable. [*Id.* at ¶11.] As Camping World was an "authorized repair facilities", Wright brought it there multiple times for repair work. He also spent dozens of hours with them on the phone, emailing, and at service visits to fix his RV. But alas, the RV was never fixed to his liking. [*Id.* at ¶12.] Indeed, according to Wright, Forest River refused to even acknowledge the defects. [*Id.*]

## Discussion

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

3

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, I don't need to accept threadbare legal conclusions supported by purely conclusory statements. *See Iqbal*, 556 U.S. at 678. The plaintiff must allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Making the plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Because Wright is proceeding pro se, I construe his complaint liberally. A pro se complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

## I.      Wright's Consumer Protection Act Claim (Count III)

Forest River argues that Count III fails because Wright did not identify a specific state consumer protection law. I agree. It appears Wright used a template complaint but forgot to fill it in for Count III. The count heading reads, "Count III – Violation of [Your State] Consumer Protection Act." [DE 1 at 3.] Paragraph 22 of the complaint also includes placeholder brackets: "Defendants' conduct constitutes unfair and deceptive acts or practices in violation of [insert citation to your state's consumer protection law]." [*Id.* at ¶22.]. Wright didn't bother to fill in the blanks. And I can't do that for him. Nowhere else in the complaint does Wright indicate the statute under which he is asserting his claim.

Wright counters that Forest River is "elevat[ing] form over substance" and that "[f]ederal pleading rules require fair notice, not technical precision." [DE 19 at 2.] But that's the problem—Wright's complaint doesn't give the defendants fair notice. As written, it tasks them with guessing which state's consumer protection statute they are defending against. These statutes are not identical. The defendants can't mount a defense without knowing which law they are accused of violating.

Count III is therefore dismissed without prejudice. Wright may amend his complaint to identify the specific statute he is invoking.

## II. Wright's Claim for Revocation of Acceptance or Rescission (Count IV)

In Count IV, Wright seeks revocation of acceptance, or in the alternative, rescission. Forest River contends that Count IV fails because revocation and rescission are remedies, which cannot be pleaded as standalone claims. [DE 8 at 8, 10.] In his complaint, Wright did not cite any authority establishing revocation of acceptance or rescission as independent causes of action, and I'm not aware of any. Indeed, Wright himself concedes in his response brief that "revocation and rescission are pleaded as remedies flowing from breach of warranty[.]" [DE 19 at 2.] Accordingly, Count IV is dismissed without prejudice.[2] If Wright files an amended complaint, he can seek revocation of acceptance and rescission as forms of relief. He may not, however, assert them as standalone claims absent authority establishing them as independent causes of action. *See Kilgore v. Thor Motor Coach, Inc.*, No. 320-CV-00841 DRL-MGG, 2021 WL

---

[2] Forest River separately argues that revocation and recission, even if pleaded properly, are unavailable against it as a remote manufacturer. [DE 8 at 8,11.] Because Count IV is dismissed, I don't reach that issue.

2686411, at *2 (N.D. Ind. June 30, 2021).

## Conclusion

For the aforementioned reasons, Forest River, Inc.'s Partial Motion to Dismiss [DE 6] is **GRANTED.**

(1) Count III is **DISMISSED WITHOUT PREJUDICE**. Wright may amend his complaint to identify the state consumer protection statute under which he is asserting his claim.

(2)  Count IV is **DISMISSED WITHOUT PREJUDICE**. Unless Wright is able to cite authority supporting revocation of acceptance and rescission as independent causes of action, he may only plead them as remedies for his other claims.

**SO ORDERED.**

ENTERED: June 8, 2026.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT